Bao Can LIN, Petitioner,

v.

Alberto R. GONZALES, Respondent.[1]

No. 04–0076–AG.

United States Court of Appeals, Second Circuit.

Dec. 5, 2005.

tuted as the respondent in this case.

Thomas V. Massucci, New York, NY, for Petitioner.

David H. Fulcher, Assistant United States Attorney for the Southern District of Mississippi, Jackson, MS, for Respondent.

PRESENT: KEARSE, STRAUB, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Bao Can Lin, a native and citizen of China, petitions this Court for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA affirmed, without opinion, the immigration judge's ("IJ") decision denying Lin's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review factual findings of the BIA and IJ under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Here, the IJ found Lin's testimony incredible based on, *inter alia,* his inconsistent testimony in regard to his wife's flight from family planning officials, his demeanor during the hearing, the fact that the sterilization certificate was dated five years after the date of sterilization asserted in Lin's testimony, and the lack of authentic documentary support. Because the IJ's adverse credibility finding was based on specific examples of inherently improbable testimony and "contradictory evidence," we affirm the BIA's decision upholding the IJ's adverse credibility finding. *See Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam* ).

As Lin has not satisfied the standard for granting asylum, he cannot meet the higher standard for granting withholding of removal. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Further, as Lin has not demonstrated that he would be tortured if returned to China, his claims under the CAT fail as well. 8 C.F.R. § 208.16(c)(2); 8 C.F.R. § 208.18(a); *see also Wang v. Ashcroft,* 320 F.3d 130, 133 (2d Cir.2003).

Lin's request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1). Furthermore, the petition for review is DENIED, and the outstanding motion for stay of removal is DENIED.